UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JO ELLEN SCHWARTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. |
| | ) | |
| MATRIXX INITIATIVES, INC. | ) | |
| | ) | Jury Trial Demanded |
| Serve: | ) | |
| CT Corporation System | ) | |
| 2394 E Camelback Road | ) | |
| Phoenix, AZ  85016 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ZICAM, LLC, | ) | |
| | ) | |
| Serve: | ) | |
| CT Corporation System | ) | |
| 2394 E Camelback Road | ) | |
| Phoenix, AZ  85016 | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION

Comes now the Plaintiff, JO ELLEN SCHWARTZ, by and through her attorneys,

GOLDENBERG HELLER ANTOGNOLI & ROWLAND, P.C., and for her Complaint against

the Defendants, MATRIXX INITIATIVES, INC. and ZICAM, LLC, states as follows:

### COUNT I
### (STRICT LIABILITY - MANUFACTURING DEFECT –
### MATRIXX INITIATIVES, INC.)

For Count I of her Complaint against the Defendant, MATRIXX INITIATIVES, INC.

("Defendant"), the Plaintiff, JO ELLEN SCHWARTZ ("Plaintiff"), states as follows:

1

1.      At all relevant times herein, Plaintiff has been and is a resident of St. Charles County, Missouri.

2.      At all relevant times herein, Defendant has been and is a foreign corporation doing business in Missouri, including but not limited to St. Charles County, Missouri, that is engaged in the business of manufacturing, designing, marketing, distributing, advertising and selling the over-the-counter medication Zicam Cold Remedy Nasal Gel ("Zicam") throughout the United States.

3.      In May 2009, Plaintiff purchased and used Zicam manufactured by Defendant, in St. Charles County, Missouri.

4.      At all relevant times herein, Defendant acted with knowledge and intent that Zicam would be, and was in fact, marketed, distributed, advertised and sold to consumers in Missouri, including but not limited to St. Charles County, Missouri, where the Plaintiff purchased and used Zicam.

5.      Since 1999, Defendant and its predecessors-in-interest have manufactured, designed, marketed, distributed, advertised and sold Zicam as a homeopathic remedy for the common cold which is available to consumers without a prescription. Zicam's active ingredient is zinc gluconate, a chemical compound which contains a divalent zinc ion. Zicam delivers zinc gluconate to the nasal membranes of the user through various delivery systems, including nasal spray, gel or swab. Zicam has never been approved by the FDA.

6.      In or around 1999, Defendant and the FDA began to receive complaints from consumers that Zicam adversely affected their ability to smell (known as anosmia) and/or

2

taste.  Thereafter, upon information and belief, Defendant did not investigate or conduct studies as to and/or in response to these complaints.

7.      Further, Defendant continued to manufacture, design, market, distribute, advertise and sell Zicam to the public without warning.  On February 6, 2004, Defendant released a notice that Zicam was safe stating:

> "Reports alleging anosmia-or loss of smell-in a small number of patients using zinc gluconate intranasal gels for the treatment of the common cold are completely unfounded and misleading."

8.      On January 19, 2006, Defendant entered into a multi-million dollar settlement with hundreds of individuals who suffered from anosmia after using Zicam.

9.      Following this settlement, Defendant continued to manufacture, design, market, distribute, advertise and sell Zicam to the public without warning in Missouri, including but not limited to St. Charles County, Missouri. Notably, well after this time, in and after May 2009, Plaintiff purchased and used Zicam manufactured and sold by Defendant, in St. Charles County, Missouri.

10.     On June 16, 2009, the FDA issued a release advising consumers to "stop using" Defendant's product(s) "because they are associated with the loss of sense of smell (anosmia)."

11.     In response to the FDA warning, Defendant recalled Zicam nasal products.

12.     At all relevant times herein, including but not limited to the time Zicam was purchased and used by Plaintiff, Zicam manufactured, designed and sold by Defendant was defective and unreasonably dangerous in its manufacture in that it had a propensity to cause users, including but not limited to the Plaintiff, to experience a permanent loss in smell and/or

3

taste as a result of using Zicam, which as seen above, was an anticipated and foreseeable result of its use.

13.    In and after May 2009, and at all relevant times herein, Zicam used by the Plaintiff was in substantially the same condition as when it was manufactured and sold by Defendant.

14.    At all relevant times herein, Defendant manufactured and sold Zicam in the ordinary course of Defendant's business.

15.    At all relevant times herein, Zicam manufactured and sold by the Defendant and purchased and used by the Plaintiff was defective and unreasonably dangerous when put to a reasonably anticipated use.

16.    At all relevant times herein, Zicam was used by the Plaintiff in a manner reasonably anticipated by Defendant.

17.    As a direct and proximate result of such defective and dangerous condition as existed when the defective Zicam was manufactured and sold by Defendant and purchased and used by Plaintiff, as particularly set forth above, Plaintiff has sustained serious injuries to various parts of her body, including but not limited to experiencing the permanent loss of the sense of smell and taste, and she has and will in the future experience this continued disability, further disability and/or loss of a normal life, pain and suffering, both physical and mental, past and future medical expenses, and extreme emotional distress, as well as an increased risk of future injuries.

WHEREFORE, the Plaintiff prays for judgment against the Defendant in an amount reasonable and equitable and in excess of Twenty-Five Thousand Dollars and 00/100

4

($25,000.00), plus cost of suit, and for any other and further relief deemed just and proper under the circumstances.

## COUNT II
## (STRICT LIABILITY – DESIGN DEFECT - MATRIXX INITIATIVES, INC.)

For Count II of her Complaint against the Defendant, MATRIXX INITIATIVES, INC. ("Defendant"), the Plaintiff, JO ELLEN SCHWARTZ ("Plaintiff"), states as follows:

1.      At all relevant times herein, Plaintiff has been and is a resident of St. Charles County, Missouri.

2.      At all relevant times herein, Defendant has been and is a foreign corporation doing business in Missouri, including but not limited to St. Charles County, Missouri, that is engaged in the business of manufacturing, designing, marketing, distributing, advertising and selling the over-the-counter medication Zicam Cold Remedy Nasal Gel ("Zicam") throughout the United States.

3.      In May 2009, Plaintiff purchased and used Zicam designed by Defendant, in St. Charles County, Missouri.

4.      At all relevant times herein, Defendant acted with knowledge and intent that Zicam would be, and was in fact, marketed, distributed, advertised and sold to consumers in Missouri, including but not limited to St. Charles County, Missouri, where the Plaintiff purchased and used Zicam.

5.      Since 1999, Defendant and its predecessors-in-interest have manufactured, designed, marketed, distributed, advertised and sold Zicam as a homeopathic remedy for the common cold which is available to consumers without a prescription. Zicam's active

ingredient is zinc gluconate, a chemical compound which contains a divalent zinc ion. Zicam delivers zinc gluconate to the nasal membranes of the user through various delivery systems, including nasal spray, gel or swab. Zicam has never been approved by the FDA.

6.      In or around 1999 Defendant and the FDA began to receive complaints from consumers that Zicam adversely affected their ability to smell (known as anosmia) and/or taste. Thereafter, upon information and belief, Defendant did not investigate or conduct studies as to and/or in response to these complaints.

7.      Further, Defendant continued to manufacture, design, market, distribute, advertise and sell Zicam to the public without warning. On February 6, 2004, Defendant released a notice that Zicam was safe stating:

> "Reports alleging anosmia-or loss of smell-in a small number of patients using zinc gluconate intranasal gels for the treatment of the common cold are completely unfounded and misleading."

8.      On January 19, 2006, Defendant entered into a multi-million dollar settlement with hundreds of individuals who suffered from anosmia after using Zicam.

9.      Following this settlement, Defendant continued to manufacture, design, market, distribute, advertise and sell Zicam to the public without warning in Missouri, including but not limited to St. Charles County, Missouri. Notably, well after this time, in and after May 2009, Plaintiff purchased and used Zicam manufactured and sold by Defendant, in St. Charles County, Missouri.

10.      On June 16, 2009, the FDA issued a release advising consumers to "stop using" Defendant's product(s) "because they are associated with the loss of sense of smell (anosmia)."

6

11.     In response to the FDA warning, Defendant recalled Zicam nasal products.

12.     At all relevant times herein, including but not limited to the time Zicam was purchased and used by Plaintiff, Zicam manufactured, designed and sold by Defendant was defective and unreasonably dangerous in its design in that it had a propensity to cause users, including but not limited to the Plaintiff, to experience a permanent loss in smell and/or taste as a result of using Zicam, which as seen above, was an anticipated and foreseeable result of its use.

13.     In May 2009, and at all relevant times herein, Zicam used by the Plaintiff was in substantially the same condition as when it was designed and sold by Defendant.

14.     At all relevant times herein, Defendant designed and sold Zicam in the ordinary course of Defendant's business.

15.     At all relevant times herein, Zicam designed and sold by the Defendant and purchased and used by the Plaintiff was defective and unreasonably dangerous when put to a reasonably anticipated use.

16.     At all relevant times herein, Zicam was used by the Plaintiff in a manner reasonably anticipated by Defendant.

17.     As a direct and proximate result of such defective and dangerous condition as existed when the defective Zicam was designed and sold by Defendant and purchased and used by Plaintiff, as particularly set forth above, Plaintiff has sustained serious injuries to various parts of her body, including but not limited to experiencing the permanent loss of the sense of smell and taste, and she has and will in the future experience this continued disability, further

7

disability and/or loss of a normal life, pain and suffering, both physical and mental, past and future medical expenses, and extreme emotional distress, as well as an increased risk of future injuries.

WHEREFORE, the Plaintiff prays for judgment against the Defendant in an amount reasonable and equitable and in excess of Twenty-Five Thousand Dollars and 00/100 ($25,000.00), plus cost of suit, and for any other and further relief deemed just and proper under the circumstances.

<u>COUNT III</u>
**(STRICT LIABILITY – FAILURE TO WARN –
MATRIXX INITIATIVES, INC.)**

For Count III of her Complaint against the Defendant, MATRIXX INITIATIVES, INC. ("Defendant"), the Plaintiff, JO ELLEN SCHWARTZ ("Plaintiff"), states as follows:

1.      At all relevant times herein, Plaintiff has been and is a resident of St. Charles County, Missouri.

2.      At all relevant times herein, Defendant has been and is a foreign corporation doing business in Missouri, including but not limited to St. Charles County, Missouri, that is engaged in the business of manufacturing, designing, marketing, distributing, advertising and selling the over-the-counter medication Zicam Cold Remedy Nasal Gel ("Zicam") throughout the United States.

3.      In May 2009, Plaintiff purchased and used Zicam manufactured, designed and sold by Defendant, in St. Charles County, Missouri.

4.      At all relevant times herein, Defendant acted with knowledge and intent that Zicam would be, and was in fact, marketed, distributed, advertised and sold to consumers in

8

Missouri, including but not limited to St. Charles County, Missouri, where the Plaintiff purchased and used Zicam.

5.      Since 1999, Defendant and its predecessors-in-interest have manufactured, designed, marketed, distributed, advertised and sold Zicam as a homeopathic remedy for the common cold which is available to consumers without a prescription. Zicam's active ingredient is zinc gluconate, a chemical compound which contains a divalent zinc ion. Zicam delivers zinc gluconate to the nasal membranes of the user through various delivery systems, including nasal spray, gel or swab. Zicam has never been approved by the FDA.

6.      In or around 1999, Defendant and the FDA began to receive complaints from consumers that Zicam adversely affected their ability to smell (known as anosmia) and/or taste.  Thereafter, upon information and belief, Defendant did not investigate or conduct studies as to and/or in response to these complaints.

7.      Further, Defendant continued to manufacture, design, market, distribute, advertise and sell Zicam to the public without warning.  On February 6, 2004, Defendant released a notice that Zicam was safe stating:

> "Reports alleging anosmia-or loss of smell-in a small number of patients using zinc gluconate intranasal gels for the treatment of the common cold are completely unfounded and misleading."

8.      On January 19, 2006, Defendant entered into a multi-million dollar settlement with hundreds of individuals who suffered from anosmia after using Zicam.

9.      Following this settlement, Defendant continued to manufacture, design, market, distribute, advertise and sell Zicam to the public without warning in Missouri, including but not limited to St. Charles County, Missouri. Notably, well after this time, in

9

and after May 2009, Plaintiff purchased and used Zicam manufactured and sold by Defendant, in St. Charles County, Missouri.

10.     On June 16, 2009, the FDA issued a release advising consumers to "stop using" Defendant's product(s) "because they are associated with the loss of sense of smell (anosmia)."

11.     In response to the FDA warning, Defendant recalled Zicam nasal products.

12.     At all relevant times herein, including but not limited to the time Zicam was purchased and used by Plaintiff, Zicam manufactured, designed and sold by Defendant was defective and unreasonably dangerous in its manufacture and design in that it had a propensity to cause users, including but not limited to the Plaintiff, to experience a permanent loss in smell and/or taste as a result of using Zicam, which as seen above, was an anticipated and foreseeable result of its use.

13.     In May 2009, and at all relevant times herein, Zicam used by the Plaintiff was in substantially the same condition as when it was manufactured, designed and sold by Defendant.

14.     At all relevant times herein, Defendant manufactured, designed and sold Zicam in the ordinary course of Defendant's business.

15.     At all relevant times herein, Zicam manufactured, designed and sold by the Defendant and purchased and used by the Plaintiff was defective and unreasonably dangerous when put to a reasonably anticipated use.

16.     At all relevant times herein, Zicam was used by the Plaintiff in a manner reasonably anticipated by Defendant.

10

17.     Defendant failed to provide an adequate warning of the aforesaid dangers and propensities of Zicam to Plaintiff and other purchasers and/or anticipated users of Zicam.

18.     As a direct and proximate result of such failure to provide an adequate warning of the aforesaid dangers and propensities of Zicam to Plaintiff concerning the defective and dangerous condition as existed when the defective Zicam was manufactured, designed and sold by Defendant and purchased and used by Plaintiff, as particularly set forth above, Plaintiff has sustained serious injuries to various parts of her body, including but not limited to experiencing the permanent loss of the sense of smell and taste, and she has and will in the future experience this continued disability, further disability and/or loss of a normal life, pain and suffering, both physical and mental, past and future medical expenses, and extreme emotional distress, as well as an increased risk of future injuries.

WHEREFORE, the Plaintiff prays for judgment against the Defendant in an amount reasonable and equitable and in excess of Twenty-Five Thousand Dollars and 00/100 ($25,000.00), plus cost of suit, and for any other and further relief deemed just and proper under the circumstances.

## COUNT IV
## (COMMON LAW FRAUD – MATRIXX INITIATIVES, INC.)

For Count IV of her Complaint against the Defendant, MATRIXX INITIATIVES, INC. ("Defendant"), the Plaintiff, JO ELLEN SCHWARTZ ("Plaintiff"), states as follows:

1.     At all relevant times herein, Plaintiff has been and is a resident of St. Charles County, Missouri.

11

2.     At all relevant times herein, Defendant has been and is a foreign corporation doing business in Missouri, including but not limited to St. Charles County, Missouri, that is engaged in the business of manufacturing, designing, marketing, distributing, advertising and selling the over-the-counter medication Zicam Cold Remedy Nasal Gel ("Zicam") throughout the United States.

3.     In May 2009, Plaintiff purchased and used Zicam manufactured, designed and sold by Defendant, in St. Charles County, Missouri.

4.     At all relevant times herein, Defendant acted with knowledge and intent that Zicam would be, and was in fact, marketed, distributed, advertised and sold to consumers in Missouri, including but not limited to St. Charles County, Missouri, where the Plaintiff purchased and used Zicam.

5.     Since 1999, Defendant and its predecessors-in-interest have manufactured, designed, marketed, distributed, advertised and sold Zicam as a homeopathic remedy for the common cold which is available to consumers without a prescription. Zicam's active ingredient is zinc gluconate, a chemical compound which contains a divalent zinc ion. Zicam delivers zinc gluconate to the nasal membranes of the user through various delivery systems, including nasal spray, gel or swab. Zicam has never been approved by the FDA.

6.     In or around 1999 Defendant and the FDA began to receive complaints from consumers that Zicam adversely affected their ability to smell (known as anosmia) and/or taste. Thereafter, upon information and belief, Defendant did not investigate or conduct studies as to and/or in response to these complaints.

12

7.      Further, Defendant continued to manufacture, design, market, distribute, advertise and sell Zicam to the public without warning.  On February 6, 2004, Defendant released a notice that Zicam was safe stating:

> "Reports alleging anosmia-or loss of smell-in a small number of patients using zinc gluconate intranasal gels for the treatment of the common cold are completely unfounded and misleading."

8.      On January 19, 2006, Defendant entered into a multi-million dollar settlement with hundreds of individuals who suffered from anosmia after using Zicam.

9.      Following this settlement, Defendant continued to manufacture, design, market, distribute, advertise and sell Zicam to the public without warning in Missouri, including but not limited to St. Charles County, Missouri. Notably, well after this time, in and after May 2009, Plaintiff purchased and used Zicam manufactured and sold by Defendant, in St. Charles County, Missouri.

10.      On June 16, 2009, the FDA issued a release advising consumers to "stop using" Defendant's product(s) "because they are associated with the loss of sense of smell (anosmia)."

11.      In response to the FDA warning, Defendant recalled Zicam nasal products.

12.      At all relevant times herein, including but not limited to the time Zicam was purchased and used by Plaintiff, Zicam manufactured, designed and sold by Defendant was defective and unreasonably dangerous in its manufacture and design in that it had a propensity to cause users, including but not limited to the Plaintiff, to experience a permanent loss in smell and/or taste as a result of using Zicam, which as seen above, was an anticipated and foreseeable result of its use.

13.     Despite this propensity, and Defendant's knowledge of the forgoing, the Defendant, by and through its agents, apparent agents, servants and/or employees, made statement(s) of material fact which were knowingly false when it knowingly and intentionally stated that "Reports alleging anosmia-or loss of smell-in a small number of patients using zinc gluconate intranasal gels for the treatment of the common cold are completely unfounded and misleading," with the intent that consumers, including Plaintiff, would rely upon Defendants' fraud and misrepresentation and purchase and use Zicam.

14.     Further, Defendant specifically continued to market and sell Zicam as a homeopathic cold remedy while fraudulently concealing the potential side effects well known to the Defendant with the intent that consumers, including Plaintiff, would rely upon Defendants' fraud and concealment and purchase and use Zicam.

15.     That Defendant knew that its statement(s), including but not limited to the forgoing,  as well as its omission(s) of well known side effects were false and/or were made in culpable ignorance of their truth or falsity.

16.     That Defendant made these statement(s) and omission(s) for the purpose of convincing consumers, including but not limited to the Plaintiff, that Zicam was safe and that consumers, including but not limited to the Plaintiff, would purchase and use Zicam, despite Defendant's actual knowledge.

17.     That Plaintiff reasonably relied on the truth of the statement(s) and omission(s) of Defendant and purchased and used Zicam.

18.     That as the direct and proximate result of Defendant's fraud, misrepresentation, concealment and actions herein, Plaintiff has sustained serious injuries to various parts of her

14

body, including but not limited to experiencing the permanent loss of the sense of smell and taste, and she has and will in the future experience this continued disability, further disability and/or loss of a normal life, pain and suffering, both physical and mental, past and future medical expenses, and extreme emotional distress, as well as an increased risk of future injuries.

WHEREFORE, the Plaintiff prays for judgment against the Defendant in an amount reasonable and equitable and in excess of Twenty-Five Thousand Dollars and 00/100 ($25,000.00), plus cost of suit, and for any other and further relief deemed just and proper under the circumstances.

## COUNT V
## (MISSOURI MERCHANDISING PRACTICES ACT, Mo. Rev. Stat. 407.010. et. seq.) - MATRIXX INITIATIVES, INC.)

For Count V of her Complaint against the Defendant, MATRIXX INITIATIVES, INC. ("Defendant"), the Plaintiff, JO ELLEN SCHWARTZ ("Plaintiff"), states as follows:

1. At all relevant times herein, Plaintiff has been and is a resident of St. Charles County, Missouri.

2. At all relevant times herein, Defendant has been and is a foreign corporation doing business in Missouri, including but not limited to St. Charles County, Missouri, that is engaged in the business of manufacturing, designing, marketing, distributing, advertising and selling the over-the-counter medication Zicam Cold Remedy Nasal Gel ("Zicam") throughout the United States.

3. In May 2009, Plaintiff purchased and used Zicam manufactured, designed and sold by Defendant, in St. Charles County, Missouri.

15

4.     At all relevant times herein, Defendant acted with knowledge and intent that Zicam would be, and was in fact, marketed, distributed, advertised and sold to consumers in Missouri, including but not limited to St. Charles County, Missouri, where the Plaintiff purchased and used Zicam.

5.     Since 1999, Defendant and its predecessors-in-interest have manufactured, designed, marketed, distributed, advertised and sold Zicam as a homeopathic remedy for the common cold which is available to consumers without a prescription. Zicam's active ingredient is zinc gluconate, a chemical compound which contains a divalent zinc ion. Zicam delivers zinc gluconate to the nasal membranes of the user through various delivery systems, including nasal spray, gel or swab. Zicam has never been approved by the FDA.

6.     In or around 1999 Defendant and the FDA began to receive complaints from consumers that Zicam adversely affected their ability to smell (known as anosmia) and/or taste.  Thereafter, upon information and belief, Defendant did not investigate or conduct studies as to and/or in response to these complaints.

7.     Further, Defendant continued to manufacture, design, market, distribute, advertise and sell Zicam to the public without warning.  On February 6, 2004, Defendant released a notice that Zicam was safe stating:

> "Reports alleging anosmia-or loss of smell-in a small number of patients using zinc gluconate intranasal gels for the treatment of the common cold are completely unfounded and misleading."

8.     On January 19, 2006, Defendant entered into a multi-million dollar settlement with hundreds of individuals who suffered from anosmia after using Zicam.

9.    Following this settlement, Defendant continued to manufacture, design, market, distribute, advertise and sell Zicam to the public without warning in Missouri, including but not limited to St. Charles County, Missouri. Notably, well after this time, in and after May 2009, Plaintiff purchased and used Zicam manufactured and sold by Defendant, in St. Charles County, Missouri.

10.    On June 16, 2009, the FDA issued a release advising consumers to "stop using" Defendant's product(s) "because they are associated with the loss of sense of smell (anosmia)."

11.    In response to the FDA warning, Defendant recalled Zicam nasal products.

12.    At all relevant times herein, including but not limited to the time Zicam was purchased and used by Plaintiff, Zicam manufactured, designed and sold by Defendant was defective and unreasonably dangerous in its manufacture and design in that it had a propensity to cause users, including but not limited to the Plaintiff, to experience a permanent loss in smell and/or taste as a result of using Zicam, which as seen above, was an anticipated and foreseeable result of its use.

13.    Despite this propensity, and Defendant's knowledge of the forgoing, the Defendant, by and through its agents, apparent agents, servants and/or employees, made statement(s) of material fact which were knowingly false when it knowingly and intentionally stated that "Reports alleging anosmia-or loss of smell-in a small number of patients using zinc gluconate intranasal gels for the treatment of the common cold are completely unfounded and misleading," with the intent that consumers, including Plaintiff, would rely upon Defendants' fraud and misrepresentation and purchase and use Zicam.

17

14.    Further, Defendant specifically continued to market and sell Zicam as a homeopathic cold remedy while fraudulently concealing the potential side effects well known to the Defendant with the intent that consumers, including Plaintiff, would rely upon Defendants' fraud and concealment and purchase and use Zicam.

15.    That the forgoing actions of Defendant constitute deceptive practices under the Missouri Merchandising Practices Act, Mo. Rev. Stat. 407.010.

16.    That Defendant intended for the Plaintiff to rely upon the above-mentioned deceptive practices for the purpose of convincing consumers, including but not limited to the Plaintiff, that Zicam was safe and that consumers, including but not limited to the Plaintiff, would purchase and use Zicam, despite Defendant's actual knowledge.

17.    That the deceptive practices of the Defendant took place in the course of conduct effecting trade and/or commerce.

18.    That Plaintiff reasonably relied on these deceptive practices of the Defendant and purchased and used Zicam.

19.    That the deceptive practices of the Defendant caused actual damages to the Plaintiff, in that Plaintiff purchased and used Zicam and experienced the permanent loss of the sense of smell and taste, and incurred medical bills associated with care and treatment in an attempt to alleviate this disability which is now permanent.

20.    That the deceptive practices of the Defendant were the direct and proximate cause of the actual damages sustained by the Plaintiff.

21.    That as the direct and proximate result of Defendant's deceptive practices, Plaintiff has sustained serious injuries and damages to various parts of her body, including but

18

not limited to experiencing the permanent loss of the sense of smell and taste, and she has and will in the future experience this continued disability, further disability and/or loss of a normal life, pain and suffering, both physical and mental, past and future medical expenses, and extreme emotional distress, as well as an increased risk of future injuries.

WHEREFORE, the Plaintiff prays for judgment against the Defendant in an amount reasonable and equitable and in excess of Twenty-Five Thousand Dollars and 00/100 ($25,000.00), and for any and all sums rightfully owed to her as a result of Defendant's deceptive practices, including but not limited to reasonable attorneys' fees, prejudgment and post-judgment interes, and for any other and further relief deemed just and proper under the circumstances.

**COUNT VI**
**(STRICT LIABILITY – MANUFACTURING DEFECT – ZICAM, LLC)**

For Count VI of her Complaint against the Defendant, ZICAM, LLC ("Defendant"), the Plaintiff, JO ELLEN SCHWARTZ ("Plaintiff"), states as follows:

1.      At all relevant times herein, Plaintiff has been and is a resident of St. Charles County, Missouri.

2.      At all relevant times herein, Defendant has been and is a foreign corporation doing business in Missouri, including but not limited to St. Charles County, Missouri, that is engaged in the business of manufacturing, designing, marketing, distributing, advertising and selling the over-the-counter medication Zicam Cold Remedy Nasal Gel ("Zicam") throughout the United States.

19

3. In May 2009, Plaintiff purchased and used Zicam manufactured by Defendant, in St. Charles County, Missouri.

4. At all relevant times herein, Defendant acted with knowledge and intent that Zicam would be, and was in fact, marketed, distributed, advertised and sold to consumers in Missouri, including but not limited to St. Charles County, Missouri, where the Plaintiff purchased and used Zicam.

5. Since 1999, Defendant and its predecessors-in-interest have manufactured, designed, marketed, distributed, advertised and sold Zicam as a homeopathic remedy for the common cold which is available to consumers without a prescription. Zicam's active ingredient is zinc gluconate, a chemical compound which contains a divalent zinc ion. Zicam delivers zinc gluconate to the nasal membranes of the user through various delivery systems, including nasal spray, gel or swab. Zicam has never been approved by the FDA.

6. In or around 1999 Defendant and the FDA began to receive complaints from consumers that Zicam adversely affected their ability to smell (known as anosmia) and/or taste. Thereafter, upon information and belief, Defendant did not investigate or conduct studies as to and/or in response to these complaints.

7. Further, Defendant continued to manufacture, design, market, distribute, advertise and sell Zicam to the public without warning. On February 6, 2004, Defendant released a notice that Zicam was safe stating:

> "Reports alleging anosmia-or loss of smell-in a small number of patients using zinc gluconate intranasal gels for the treatment of the common cold are completely unfounded and misleading."

20

8.      On January 19, 2006, Defendant entered into a multi-million dollar settlement with hundreds of individuals who suffered from anosmia after using Zicam.

9.      Following this settlement, Defendant continued to manufacture, design, market, distribute, advertise and sell Zicam to the public without warning in Missouri, including but not limited to St. Charles County, Missouri. Notably, well after this time, in and after May 2009, Plaintiff purchased and used Zicam manufactured and sold by Defendant, in St. Charles County, Missouri.

10.     On June 16, 2009, the FDA issued a release advising consumers to "stop using" Defendant's product(s) "because they are associated with the loss of sense of smell (anosmia)."

11.     In response to the FDA warning, Defendant recalled Zicam nasal products.

12.     At all relevant times herein, including but not limited to the time Zicam was purchased and used by Plaintiff, Zicam manufactured, designed and sold by Defendant was defective and unreasonably dangerous in its manufacture in that it had a propensity to cause users, including but not limited to the Plaintiff, to experience a permanent loss in smell and/or taste as a result of using Zicam, which as seen above, was an anticipated and foreseeable result of its use.

13.     In May 2009, and at all relevant times herein, Zicam used by the Plaintiff was in substantially the same condition as when it was manufactured and sold by Defendant.

14.     At all relevant times herein, Defendant manufactured and sold Zicam in the ordinary course of Defendant's business.

15.     At all relevant times herein, Zicam manufactured and sold by the Defendant and purchased and used by the Plaintiff was defective and unreasonably dangerous when put to a reasonably anticipated use.

16.     At all relevant times herein, Zicam was used by the Plaintiff in a manner reasonably anticipated by Defendant.

17.     As a direct and proximate result of such defective and dangerous condition as existed when the defective Zicam was manufactured and sold by Defendant and purchased and used by Plaintiff, as particularly set forth above, Plaintiff has sustained serious injuries to various parts of her body, including but not limited to experiencing the permanent loss of the sense of smell and taste, and she has and will in the future experience this continued disability, further disability and/or loss of a normal life, pain and suffering, both physical and mental, past and future medical expenses, and extreme emotional distress, as well as an increased risk of future injuries.

WHEREFORE, the Plaintiff prays for judgment against the Defendant in an amount reasonable and equitable and in excess of Twenty-Five Thousand Dollars and 00/100 ($25,000.00), plus cost of suit, and for any other and further relief deemed just and proper under the circumstances.

## COUNT VII
### (STRICT LIABILITY – DESIGN DEFECT - ZICAM, LLC)

For Count VII of her Complaint against the Defendant, ZICAM, LLC ("Defendant"), the Plaintiff, JO ELLEN SCHWARTZ ("Plaintiff"), states as follows:

22

1.      At all relevant times herein, Plaintiff has been and is a resident of St. Charles County, Missouri.

2.      At all relevant times herein, Defendant has been and is a foreign corporation doing business in Missouri, including but not limited to St. Charles County, Missouri, that is engaged in the business of manufacturing, designing, marketing, distributing, advertising and selling the over-the-counter medication Zicam Cold Remedy Nasal Gel ("Zicam") throughout the United States.

3.      In May 2009, Plaintiff purchased and used Zicam designed by Defendant, in St. Charles County, Missouri.

4.      At all relevant times herein, Defendant acted with knowledge and intent that Zicam would be, and was in fact, marketed, distributed, advertised and sold to consumers in Missouri, including but not limited to St. Charles County, Missouri, where the Plaintiff purchased and used Zicam.

5.      Since 1999, Defendant and its predecessors-in-interest have manufactured, designed, marketed, distributed, advertised and sold Zicam as a homeopathic remedy for the common cold which is available to consumers without a prescription. Zicam's active ingredient is zinc gluconate, a chemical compound which contains a divalent zinc ion. Zicam delivers zinc gluconate to the nasal membranes of the user through various delivery systems, including nasal spray, gel or swab. Zicam has never been approved by the FDA.

6.      In or around 1999 Defendant and the FDA began to receive complaints from consumers that Zicam adversely affected their ability to smell (known as anosmia) and/or

23

taste. Thereafter, upon information and belief, Defendant did not investigate or conduct studies as to and/or in response to these complaints.

     7.     Further, Defendant continued to manufacture, design, market, distribute, advertise and sell Zicam to the public without warning. On February 6, 2004, Defendant released a notice that Zicam was safe stating:

> "Reports alleging anosmia-or loss of smell-in a small number of patients using zinc gluconate intranasal gels for the treatment of the common cold are completely unfounded and misleading."

     8.     On January 19, 2006, Defendant entered into a multi-million dollar settlement with hundreds of individuals who suffered from anosmia after using Zicam.

     9.     Following this settlement, Defendant continued to manufacture, design, market, distribute, advertise and sell Zicam to the public without warning in Missouri, including but not limited to St. Charles County, Missouri. Notably, well after this time, in and after May 2009, Plaintiff purchased and used Zicam manufactured and sold by Defendant, in St. Charles County, Missouri.

     10.     On June 16, 2009, the FDA issued a release advising consumers to "stop using" Defendant's product(s) "because they are associated with the loss of sense of smell (anosmia)."

     11.     In response to the FDA warning, Defendant recalled Zicam nasal products.

     12.     At all relevant times herein, including but not limited to the time Zicam was purchased and used by Plaintiff, Zicam manufactured, designed and sold by Defendant was defective and unreasonably dangerous in its design in that it had a propensity to cause users, including but not limited to the Plaintiff, to experience a permanent loss in smell and/or taste

24

ingredient is zinc gluconate, a chemical compound which contains a divalent zinc ion. Zicam delivers zinc gluconate to the nasal membranes of the user through various delivery systems, including nasal spray, gel or swab. Zicam has never been approved by the FDA.

6.      In or around 1999 Defendant and the FDA began to receive complaints from consumers that Zicam adversely affected their ability to smell (known as anosmia) and/or taste. Thereafter, upon information and belief, Defendant did not investigate or conduct studies as to and/or in response to these complaints.

7.      Further, Defendant continued to manufacture, design, market, distribute, advertise and sell Zicam to the public without warning.  On February 6, 2004, Defendant released a notice that Zicam was safe stating:

> "Reports alleging anosmia-or loss of smell-in a small number of patients using zinc gluconate intranasal gels for the treatment of the common cold are completely unfounded and misleading."

8.      On January 19, 2006, Defendant entered into a multi-million dollar settlement with hundreds of individuals who suffered from anosmia after using Zicam.

9.      Following this settlement, Defendant continued to manufacture, design, market, distribute, advertise and sell Zicam to the public without warning in Missouri, including but not limited to St. Charles County, Missouri. Notably, well after this time, in May 2009, Plaintiff purchased and used Zicam manufactured and sold by Defendant, in St. Charles County, Missouri.

10.     On June 16, 2009, the FDA issued a release advising consumers to "stop using" Defendant's product(s) "because they are associated with the loss of sense of smell (anosmia)."

27

11.     In response to the FDA warning, Defendant recalled Zicam nasal products.

12.     At all relevant times herein, including but not limited to the time Zicam was purchased and used by Plaintiff, Zicam manufactured, designed and sold by Defendant was defective and unreasonably dangerous in its manufacture and design in that it had a propensity to cause users, including but not limited to the Plaintiff, to experience a permanent loss in smell and/or taste as a result of using Zicam, which as seen above, was an anticipated and foreseeable result of its use.

13.     In May 2009, and at all relevant times herein, Zicam used by the Plaintiff was in substantially the same condition as when it was manufactured, designed and sold by Defendant.

14.     At all relevant times herein, Defendant manufactured, designed and sold Zicam in the ordinary course of Defendant's business.

15.     At all relevant times herein, Zicam manufactured, designed and sold by the Defendant and purchased and used by the Plaintiff was defective and unreasonably dangerous when put to a reasonably anticipated use.

16.     At all relevant times herein, Zicam was used by the Plaintiff in a manner reasonably anticipated by Defendant.

17.     Defendant failed to provide an adequate warning of the aforesaid dangers and propensities of Zicam to Plaintiff and other purchasers and/or anticipated users of Zicam.

18.     As a direct and proximate result of such failure to provide an adequate warning of the aforesaid dangers and propensities of Zicam to Plaintiff concerning the defective and dangerous condition as existed when the defective Zicam was manufactured, designed and sold

28

8.      On January 19, 2006, Defendant entered into a multi-million dollar settlement with hundreds of individuals who suffered from anosmia after using Zicam.

9.      Following this settlement, Defendant continued to manufacture, design, market, distribute, advertise and sell Zicam to the public without warning in Missouri, including but not limited to St. Charles County, Missouri.  Notably, well after this time, in and after May 2009, Plaintiff purchased and used Zicam manufactured and sold by Defendant, in St. Charles County, Missouri.

10.     On June 16, 2009, the FDA issued a release advising consumers to "stop using" Defendant's product(s) "because they are associated with the loss of sense of smell (anosmia)."

11.     In response to the FDA warning, Defendant recalled Zicam nasal products.

12.     At all relevant times herein, including but not limited to the time Zicam was purchased and used by Plaintiff, Zicam manufactured, designed and sold by Defendant was defective and unreasonably dangerous in its manufacture and design in that it had a propensity to cause users, including but not limited to the Plaintiff, to experience a permanent loss in smell and/or taste as a result of using Zicam, which as seen above, was an anticipated and foreseeable result of its use.

13.     Despite this propensity, and Defendant's knowledge of the forgoing, the Defendant, by and through its agents, apparent agents, servants and/or employees, made statement(s) of material fact which were knowingly false when it knowingly and intentionally stated that "Reports alleging anosmia-or loss of smell-in a small number of patients using zinc gluconate intranasal gels for the treatment of the common cold are completely

31

unfounded and misleading," with the intent that consumers, including Plaintiff, would rely upon Defendants' fraud and misrepresentation and purchase and use Zicam.

14.     Further, Defendant specifically continued to market and sell Zicam as a homeopathic cold remedy while fraudulently concealing the potential side effects well known to the Defendant with the intent that consumers, including Plaintiff, would rely upon Defendants' fraud and concealment and purchase and use Zicam.

15.     That Defendant knew that its statement(s), including but not limited to the forgoing,  as well as its omission(s) of well known side effects were false and/or were made in culpable ignorance of their truth or falsity.

16.     That Defendant made these statement(s) and omission(s) for the purpose of convincing consumers, including but not limited to the Plaintiff, that Zicam was safe and that consumers, including but not limited to the Plaintiff, would purchase and use Zicam, despite Defendant's actual knowledge.

17.     That Plaintiff reasonably relied on the truth of the statement(s) and omission(s) of Defendant and purchased and used Zicam.

18.     That as the direct and proximate result of Defendant's fraud, misrepresentation, concealment and actions herein, Plaintiff has sustained serious injuries to various parts of her body, including but not limited to experiencing the permanent loss of the sense of smell and taste, and she has and will in the future experience this continued disability, further disability and/or loss of a normal life, pain and suffering, both physical and mental, past and future medical expenses, and extreme emotional distress, as well as an increased risk of future injuries.

32

WHEREFORE, the Plaintiff prays for judgment against the Defendant in an amount reasonable and equitable and in excess of Twenty-Five Thousand Dollars and 00/100 ($25,000.00), plus cost of suit, and for any other and further relief deemed just and proper under the circumstances.

## COUNT X
## (MISSOURI MERCHANDISING PRACTICES ACT, Mo. Rev. Stat. 407.010. et. seq.- ZICAM, LLC)

For Count X of her Complaint against the Defendant, ZICAM, LLC ("Defendant"), the Plaintiff, JO ELLEN SCHWARTZ ("Plaintiff"), states as follows:

1.      At all relevant times herein, Plaintiff has been and is a resident of St. Charles County, Missouri.

2.      At all relevant times herein, Defendant has been and is a foreign corporation doing business in Missorui, including but not limited to St. Charles County, Missouri, that is engaged in the business of manufacturing, designing, marketing, distributing, advertising and selling the over-the-counter medication Zicam Cold Remedy Nasal Gel ("Zicam") throughout the United States.

3.      In May 2009, Plaintiff purchased and used Zicam manufactured, designed and sold by Defendant, in St. Charles County, Missouri.

4.      At all relevant times herein, Defendant acted with knowledge and intent that Zicam would be, and was in fact, marketed, distributed, advertised and sold to consumers in Missouri, including but not limited to St. Charles County, Missouri, where the Plaintiff purchased and used Zicam.

33

5.    Since 1999, Defendant and its predecessors-in-interest have manufactured, designed, marketed, distributed, advertised and sold Zicam as a homeopathic remedy for the common cold which is available to consumers without a prescription.  Zicam's active ingredient is zinc gluconate, a chemical compound which contains a divalent zinc ion. Zicam delivers zinc gluconate to the nasal membranes of the user through various delivery systems, including nasal spray, gel or swab.  Zicam has never been approved by the FDA.

6.    In or around 1999, Defendant and the FDA began to receive complaints from consumers that Zicam adversely affected their ability to smell (known as anosmia) and/or taste.  Thereafter, upon information and belief, Defendant did not investigate or conduct studies as to and/or in response to these complaints.

7.    Further, Defendant continued to manufacture, design, market, distribute, advertise and sell Zicam to the public without warning.  On February 6, 2004, Defendant released a notice that Zicam was safe stating:

> "Reports alleging anosmia-or loss of smell-in a small number of patients using zinc gluconate intranasal gels for the treatment of the common cold are completely unfounded and misleading."

8.    On January 19, 2006, Defendant entered into a multi-million dollar settlement with hundreds of individuals who suffered from anosmia after using Zicam.

9.    Following this settlement, Defendant continued to manufacture, design, market, distribute, advertise and sell Zicam to the public without warning in Missouri, including but not limited to St. Charles County, Missouri. Notably, well after this time, in May 2009, Plaintiff purchased and used Zicam manufactured and sold by Defendant, in St. Charles County, Missouri.

10.     On June 16, 2009, the FDA issued a release advising consumers to "stop using" Defendant's product(s) "because they are associated with the loss of sense of smell (anosmia)."

11.     In response to the FDA warning, Defendant recalled Zicam nasal products.

12.     At all relevant times herein, including but not limited to the time Zicam was purchased and used by Plaintiff, Zicam manufactured, designed and sold by Defendant was defective and unreasonably dangerous in its manufacture and design in that it had a propensity to cause users, including but not limited to the Plaintiff, to experience a permanent loss in smell and/or taste as a result of using Zicam, which as seen above, was an anticipated and foreseeable result of its use.

13.     Despite this propensity, and Defendant's knowledge of the forgoing, the Defendant, by and through its agents, apparent agents, servants and/or employees, made statement(s) of material fact which were knowingly false when it knowingly and intentionally stated that "Reports alleging anosmia-or loss of smell-in a small number of patients using zinc gluconate intranasal gels for the treatment of the common cold are completely unfounded and misleading," with the intent that consumers, including Plaintiff, would rely upon Defendants' fraud and misrepresentation and purchase and use Zicam.

14.     Further, Defendant specifically continued to market and sell Zicam as a homeopathic cold remedy while fraudulently concealing the potential side effects well known to the Defendant with the intent that consumers, including Plaintiff, would rely upon Defendants' fraud and concealment and purchase and use Zicam.

35

15.     That the forgoing actions of Defendant constitute deceptive practices under the Missouri Merchandising Practices Act, Mo. Rev. Stat. 407.010.

16.     That Defendant intended for the Plaintiff to rely upon the above-mentioned deceptive practices for the purpose of convincing consumers, including but not limited to the Plaintiff, that Zicam was safe and that consumers, including but not limited to the Plaintiff, would purchase and use Zicam, despite Defendant's actual knowledge.

17.     That the deceptive practices of the Defendant took place in the course of conduct effecting trade and/or commerce.

18.     That Plaintiff reasonably relied on these deceptive practices of the Defendant and purchased and used Zicam.

19.     That the deceptive practices of the Defendant caused actual damages to the Plaintiff, in that Plaintiff purchased and used Zicam and experienced the permanent loss of the sense of smell and taste, and incurred medical bills associated with care and treatment in an attempt to alleviate this disability which is now permanent.

20.     That the deceptive practices of the Defendant were the direct and proximate cause of the actual damages sustained by the Plaintiff.

21.     That as the direct and proximate result of Defendant's deceptive practices, Plaintiff has sustained serious injuries and damages to various parts of her body, including but not limited to experiencing the permanent loss of the sense of smell and taste, and she has and will in the future experience this continued disability, further disability and/or loss of a normal life, pain and suffering, both physical and mental, past and future medical expenses, and extreme emotional distress, as well as an increased risk of future injuries.

36

WHEREFORE, the Plaintiff prays for judgment against the Defendant in an amount reasonable and equitable and in excess of Twenty-Five Thousand Dollars and 00/100 ($25,000.00), and for any and all sums rightfully owed to her as a result of Defendant's deceptive practices, including but not limited to reasonable attorneys' fees, prejudgment and post-judgment interest under the Missouri Merchandising Practices Act, and for any other and further relief deemed just and proper under the circumstances.

Respectfully Submitted,

GOLDENBERG HELLER
ANTOGNOLI & ROWLAND, P.C.

By: _____

Robert Rowland #39079
2227 S. State Route 157
P.O. Box 959
Edwardsville, IL  62025
618/656-5150-telephone
rrowland@ghalaw.com
*Attorney for Plaintiff*

and

THE RIFF STEVENSON LAW FIRM

Marcus Stevenson
2014 Bissonnet St.
Houston, TX 77005
*Attorney for Plaintiff*